NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4541
_____

ROBERT F. MCHALE; DELILAH A. MCHALE,
                                                                      Appellants

v.

RALPH J. KELLY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 12-cv-01363)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2013

Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: May 30, 2013)
_____

OPINION
_____

PER CURIAM

Robert and Delilah McHale, husband and wife, appeal pro se from the order of the

District Court dismissing their complaint.  We will affirm.

I.

This civil action is the second that the McHales have brought against Ralph J. Kelly,

1

Esq., an attorney who represented them in a personal injury matter. Disposition of this appeal requires some discussion of the background of the McHales' prior suit, and we assume for present purposes only that the McHales' factual allegations are true.

In 1999, Robert McHale was injured in an automobile accident in New York state. The McHales retained Kelly, who filed a personal injury action on their behalf in New York in 2001. Kelly also advised them to pursue an uninsured motorist claim in Pennsylvania. The McHales resisted but, on Kelly's advice, eventually agreed and obtained a settlement of $750,000 in 2004. According to the McHales, Kelly misrepresented his expertise in workers compensation matters and this settlement reduced Robert McHale's workers compensation medical coverage. When the McHales confronted Kelly about that issue, he offered them a settlement of approximately $22,000. The McHales accepted it and signed a full release in 2004. In 2006, the McHales met with a New York attorney, who took over their representation in the New York action and told them that (1) Kelly's advice to pursue the uninsured motorist claim was erroneous because it could not increase their ultimate award, and (2) one of the defendants in the New York action had been dismissed because Kelly served the wrong corporate entity. The New York action apparently remains pending.

The McHales filed their first action pro se against Kelly in 2011 (D.N.J. Civ. No. 11-cv-00143), alleging that he committed malpractice in connection with the uninsured motorist claim, Robert McHale's workers compensation coverage, and the New York action. On Kelly's Rule 12(b)(6) motion to dismiss, the District Court determined that Pennsylvania's two-year statute of limitations applied and dismissed the complaint on statute of limitations grounds on October 14, 2011.

2

The McHales then sent the District Court a letter dated October 18, 2011, in which they took issue with certain of the court's rulings and requested leave to file an amended complaint on the basis of discovery provided by Kelly shortly before the dismissal order. The McHales later submitted another letter along with a proposed amended complaint asserting claims for fraud, "aggravated negligence," and breach of fiduciary duty on the ground that Kelly's discovery responses revealed that he knew about but did not disclose his mistakes at the time he and the McHales entered into the 2004 settlement and release. By letter dated December 9, 2011 (which is docketed as a "letter order"), the District Court advised them that these later filings "have no legal effect" because "there is no pending action in this court at this time and no valid complaint to amend." The District Court did not specifically address the McHales' letter of October 18, but its December 9 letter order left no doubt that it considered the action concluded. The McHales did not appeal from either the District Court's order of dismissal or its December 9 letter order.

Instead, they filed pro se the separate civil action at issue here. Their complaint asserts the three claims they sought to assert in their proposed amended complaint in their first action, and the underlying allegations are materially identical. Kelly filed a Rule 12(b)(6) motion to dismiss on the basis of res judicata, which the District Court granted. The District Court agreed that the McHales' claim for fraud is barred by res judicata, but it again concluded that their other claims are governed by Pennsylvania law and dismissed them on statute of limitations grounds. The McHales appeal pro se.[1]

---

[1] The District Court had diversity jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint under Rule 12(b)(6).

3

Most of the McHales' arguments on appeal are addressed to the dismissal of their first action. They argue, for example, that the District Court erred in that action by applying Pennsylvania instead of New Jersey law and by denying leave to file an amended complaint. We lack jurisdiction to review the dismissal of the McHales' first action, however, because they did not appeal and the jurisdictional period for doing so has expired. See Bowles v. Russell, 551 U.S. 205, 214 (2007). The McHales argue that they did not file an appeal in their first action only because they thought that the District Court would permit an amended complaint, but the District Court did nothing to mislead them in that regard and, even if it had, we have "no authority to create equitable exceptions to jurisdictional requirements." Id.

The fact that the McHales did not appeal the dismissal of their first action means that the judgment in that action is final for res judicata purposes. The District Court concluded that it was bound to apply New Jersey's law of res judicata under Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2011), and that New Jersey law bars the McHales' fraud claim, but it declined to dismiss their other two claims on that basis. Kelly argues that Semtek does not apply because the preclusive effect of a federal diversity judgment on a second federal diversity action is a matter of federal law, see Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 144-45 (3d Cir. 1999), and that we should affirm on the alternative ground that federal law bars the McHales' complaint as a whole. We need not decide whether

---

See Burch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). The McHales argue that the District Court erroneously converted Kelly's Rule 12(b)(6) motion into a motion for summary judgment, but the District Court properly treated it as a Rule 12(b)(6) motion. The McHales also argue that the District Court misapplied New Jersey state pleading standards, but those standards do not govern in federal court and the court's ruling did not turn on the pleading standard in any event.

<u>Semtek</u> or <u>Paramount Aviation</u> controls in this situation generally because we agree that the McHales' second action is barred under the circumstances presented here.

"Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." <u>In re Mullarkey</u>, 536 F.3d 215, 225 (3d Cir. 2008) (quotation marks omitted). Each of these elements is present here. First, we need not decide whether a federal dismissal on statute of limitations grounds constitutes a judgment "on the merits" under New Jersey law[2] because, even under <u>Semtek</u>, such a dismissal constitutes a judgment on the merits as to subsequent complaints filed in the same federal court. See <u>Semtek</u>, 531 U.S. at 506. Second, the parties are identical. Finally, under both federal and New Jersey law, the McHales' second complaint was based on the same "cause of action" as their first because there is an "essential similarity of the underlying events giving rise to the various legal claims." <u>Lubrizol Corp. v. Exxon Corp.</u>, 929 F.2d 960, 963 (3d Cir. 1991) (quotation marks omitted); <u>see also</u> <u>id.</u> at 965 (noting that New Jersey law is the same). Res judicata "bars not only claims that were brought in a previous action, but also claims that could have been brought," <u>Mullarkey</u>, 536 F.3d at 225, and the McHales' claims in this action clearly qualify.

Indeed, the McHales <u>did</u> attempt to bring those claims in their first action, but the District Court did not permit them to do so. The McHales take issue with that decision, but

---

[2] The District Court concluded that it does, though it considered the issue "a close question." (D. Ct. Op. at 8) (citing <u>Walker v. Choudhary</u>, 40 A.3d 63, 75 (N.J. Super. Ct. App. Div. 2012)). The McHales have provided no reason to question that conclusion, but we need not and do not decide the issue.

5

even if the District Court erred (which we lack jurisdiction to decide) its error would not render its decision any less a final judgment on the merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Velasquez v. Franz, 589 A.2d 143, 150 (N.J. 1991). The McHales' remedy for any such error was to file an appeal, not a separate civil action. See Moitie, 452 U.S. at 398 ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action.") (quotation mark and alteration omitted); Velasquez, 589 A.2d at 512 ("If the federal court misinterpreted which choice of law rule to use, as plaintiff . . . allege[s], correcting that mistake is not a job for a state court [in a subsequent action] but must be addressed to the third circuit.").

The McHales blame their failure to appeal on the District Court but, as explained above, the District Court did nothing to lead them to believe that they would be permitted to file an amended complaint. And even if it had, there generally is no equitable exception to the operation of res judicata when a party fails to file an appeal. See Moitie, 452 U.S. at 400-01. The McHales could have appealed from the District Court's order dismissing their complaint in their first action, or from the District Court's letter order of December 9, 2011, which declined to take action on the McHales' most recent post-judgment filings and made clear the District Court's determination that the matter was concluded. The McHales decided instead to institute this second civil action, which is barred by the final judgment entered in their first. The McHales' pro se status does not relieve them of the consequences of that procedural misstep. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

Our conclusion that the McHales' complaint as a whole is barred by res judicata

6

ordinarily would render it unnecessary to review the District Court's ruling that their second and third claims are barred by Pennsylvania's statute of limitations (which Kelly also defends). We have jurisdiction to review that ruling, however, and we will exercise it for the reasons explained in the margin.[3]

Having done so, we perceive no error. The District Court concluded that the McHales' second claim is merely a reassertion of the malpractice claim they asserted in their first action and that it is barred by Pennsylvania's statute of limitations, 42 Pa. Cons. Stat. § 5524, for the reasons it previously explained. The District Court also held that the McHales' third claim is barred for similar reasons. The McHales do not dispute that their claims are untimely under Pennsylvania law. Instead, they argue that the District Court should have applied New Jersey's six-year statute of limitations, see N.J. Stat. Ann. § 2A:14-1, which would make their claims timely.

In concluding otherwise, the District Court properly applied the "most significant relationship" test that New Jersey has adopted from the Restatement (Second) of Conflict of Laws. See Maniscalco v. Brother Int'l (USA) Corp., 709 F.3d 202, 206 (3d Cir. 2013); see also Cornett v. Johnson & Johnson, 48 A.3d 1041, 1047 (N.J. 2012) (applying "most significant relationship" test to statutes of limitations). The District Court also properly concluded that the relevant contacts, considered qualitatively, point to the application of Pennsylvania law. See Maniscalco, 709 F.3d at 207. The McHales are domiciled in New Jersey, and New York is where the automobile accident occurred and where Kelly filed suit.

---

[3] The McHale's appeal from the District Court's ruling in this case also gives us jurisdiction to review the legal issues that formed the basis of the first action and thereby effectively resolves any lingering issues in both cases.

7

All of the other relevant contacts, however, are with Pennsylvania: Kelly is domiciled in Pennsylvania and practiced law through a Pennsylvania law firm; he initiated the uninsured motorist action in Pennsylvania; he negotiated the McHales' settlement in Pennsylvania and the settlement agreement is governed by Pennsylvania law; and the insurance policy providing the lion's share of that settlement was issued in Pennsylvania. For the reasons explained in more detail by the District Court, we agree that these contacts give Pennsylvania the most significant relationship with this suit and that the McHales' second and third claims are untimely under Pennsylvania law.

For the foregoing reasons, we will affirm.